```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 05-29-18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

           Petitioner,

- against -

REILLY PARTITIONS, INC.,

           Respondent.

---

18-cv-1211 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

The petitioner, The New York City District Council of Carpenters (the "Union"), seeks to confirm an arbitration award pursuant to section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), as amended, 29 U.S.C. § 185, and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. The petitioner is a labor organization that represents employees in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the respondent. The respondent, Reilly Partitions, Inc. ("Reilly"), is a New York corporation and was, at relevant times, an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA.

The underlying dispute arose out of the petitioner's effort to collect penalties owed to the petitioner by the respondent pursuant to an International Agreement (the "CBA") and an

1

Independent Building Construction Agreement (the "Independent Agreement").

I.

On or about June 10, 1997, the respondent executed the CBA with the United Brotherhood of Carpenters and Joiners of America (the "UBCJA"). The CBA was effective for three years and automatically renewed itself for subsequent three-year periods absent written termination by either party. Neither party has terminated the CBA. The CBA obligates the respondent "to comply with the contractual wages, fringe benefits, hours and other working conditions established between the UBCJA affiliates and the employers" at the locations where the respondent did work within the jurisdiction of the UBCJA. Pet. Confirm Arbitration ("Pet.") Ex. A 1. The Union is an affiliate of the UBCJA.

The CBA requires the respondent to notify the local UBCJA affiliate of the expected duration of a planned project. When the respondent performs work outside of its "home area," the CBA permits the respondent to bring two employees from its home area to perform the work. Id. at 2. If more than two employees are required, the respondent must request the next two employees from the local affiliate of the UBCJA or the District Council. Thereafter, fifty percent of the employees hired must be referred from the local affiliate or from the District Council. Id. The CBA requires the respondent to remit contributions for

each hour worked on behalf of all employees of the local affiliate. Id. at 2.

The CBA provides for disputes to be settled in accordance with the procedures set forth in the Independent Agreement or a similar agreement of the local affiliate. The Independent Agreement in turn provides that all disputes shall be settled by binding arbitration in front of one of three specified arbitrators. Pet. Ex. B 34-35. The costs of the arbitration are to be "borne equally" by the employer and the Union, and the prevailing party is entitled to receive all court costs and reasonable attorney's fees. Id. 35-36.

The parties' dispute began when the respondent failed to notify the Union of a job at a J. Crew store located at 770 Broadway in Manhattan on October 15, 2016 and employed non-union workers for the job instead. Pursuant to the CBA and the Independent Agreement, the Union submitted the dispute to arbitration. The Union mailed a Notice of Hearing (the "Notice"), dated July 26, 2017, to the respondent by both regular and certified mail. See Pet. Ex. C. The Notice provided that the arbitration hearing would take place on August 30, 2017. The Notice explained that if the respondent failed to appear, the arbitrator had the authority to proceed with the hearing and to issue an award based on the evidence presented.

3

The respondent failed to appear at, or request adjournment of, the hearing on August 30, 2017. Id.

In a written award dated September 5, 2017, the arbitrator, Roger Maher, found that based on the evidence presented the respondent violated the CBA by failing to provide notice of the work at the J. Crew store and by hiring non-union workers. Pet. Ex. D. The arbitrator directed the respondent to pay the Union $1,260 in hourly wages; $1,118.40 in benefits; and $1.92 in promotional costs, for a total of $2,380.32 as penalty for those violations. Because the CBA provided that the parties would share the costs of arbitration, the arbitrator also directed the respondent to pay one half of the $2,000 arbitration fee, or $1,000, directly to the arbitrator. Id.

**II.**

A district court's role in reviewing an arbitration award is extremely limited. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Misco, 484 U.S. at 36. The Court instructed that "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement,'

4

and is not merely 'his own brand of industrial justice,' the award is legitimate." Id. (quoting United Steelworkers, 363 U.S. at 596). Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. United States Steel and Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985); see also Bevona v. EBM Dev. Co., No. 98-cv-6207 (JGK), 1999 WL 494116, at *2 (S.D.N.Y. July 13, 1999).

Despite being served with the petitioner's petition, the respondent has not responded. On February 22, 2018, the Court issued an Order directing that the respondent had until March 22, 2018 to respond. Dkt. No. 6. The Court explained that if the respondent did not respond by that time that the Court would decide the case based on the papers submitted. Id. The responded did not respond.

However, the Second Circuit Court of Appeals has explained that a default judgment is generally inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself. . . . [T]he petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's

5

submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Trustees of New York City Dist. Council of Carpenters Pension Fund v. Stop & Work Constr., Inc., No. 17-cv-5693, 2018 WL 324267, at *2 (S.D.N.Y. Jan. 5, 2018).

In this action, Arbitrator Maher's award was not "his own brand of industrial justice." Misco, 484 U.S. at 36 (quoting United Steelworkers, 363 U.S. at 596). Rather, Arbitrator Maher found that the uncontroverted evidence established that the respondent had violated the CBA by failing to provide notice of the work at the J. Crew store and by using non-union workers. Arbitrator Maher determined that the respondent owed the Union

6

$2,380.32 for these violations, as well as $1,000 toward the arbitration fee.

Based on the limited review that is appropriate of an unopposed petition to confirm an arbitration award, the Court finds that there is no genuine dispute of material fact and that the petitioner's petition should be confirmed.

The petitioner also seeks judgment to recover attorney's fees expended in this action. Courts in this district have observed that "courts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." <u>Trustees of New York Dist. Council of Carpenters Pension Fund v. All. Workroom Corp.</u>, No. 13-cv-5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting <u>Abondolo v. H. & M. S. Meat Corp.</u>, No. 07-cv-3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases)) (internal quotation marks omitted). The attorney's fees sought by the petitioner are supported by the Independent Agreement and are reasonable. Article XII, Section 3 of the Independent Agreement provides, in relevant part, that:

> Upon the confirmation of the arbitrator's award, the prevailing party shall, or on any appeal therefore, be entitled to receive all court costs in each proceeding as well as reasonable counsel fees.

Pet. Ex. B, Art. XII, Section 3. In support of the petitioner's claim for attorney's fees, the petitioner's

7

counsel submitted an invoice listing the tasks completed, the attorneys' or other professionals' hourly billing rates, and the total hours billed. Pet. Ex. E. The petitioner seeks $401 in attorney's fees for 4.1 hours of work, for which petitioner's counsel billed the services of an "Of Counsel" attorney at a rate of $250 per hour and the services of legal assistants at a rate of $90 per hour. Id. The rates billed and time expended on this action by the petitioner's counsel are very reasonable. See Trustees of New York Dist. Council of Carpenters Pension Fund v. Metro. Fine Mill Work Corp., No. 14-cv-2509, 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015) (approving attorney's fees that billed associates at a rate of $225 per hour and paralegals at a rate of $100 per hour). The petitioner also requests judgment for $475 for filing and service fees. Pet. ¶ 31. Those costs are also reasonable.

The petitioner is also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.") (citing 28 U.S.C. § 1961(a)).

## CONCLUSION

The Clerk of Court is directed to enter judgment granting the petition to confirm the arbitration award dated September 5, 2017 in the amount of $2,380.32 and to pay to the arbitrator fees in the amount of $1,000. The Clerk is also directed to enter judgment in favor of the petitioner and against the respondent in the amount of $401 in attorney's fees and $475 in costs. Post-judgment interest on the entire amount of the judgment will accrue from the date of this judgment at the rate provided by 28 U.S.C. § 1961(a). The Clerk is also directed to close this case and to close all pending motions.

**SO ORDERED.**

**Dated:** New York, New York
May 24, 2018

_____
John G. Koeltl
United States District Judge